**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 9:00-cr-00263-DCN-4 |
| vs. ) | |
| ) | **ORDER** |
| KENNETH ADRIAN CAMPBELL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The following matter is before the court is on Kenneth Adrian Campbell's ("Campbell") motion to reduce his sentence pursuant to the First Step Act of 2018, Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"), ECF No. 1339.  For the reasons set forth below, the court grants in part and denies in part Campbell's motion for relief under the First Step Act.

## I. BACKGROUND

On September 15, 2001, a jury found Campbell guilty of the following charges: conspiracy to possess with intent to distribute 50 or more grams of cocaine base, a quantity of cocaine, and a quantity of marijuana in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(A) and 846 ("count 1"); and conspiracy to use, carry, brandish, discharge and possess a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C §§ 924(c)(1) and 924(o) ("count 2").  ECF No. 515.  On August 15, 2003, the court sentenced Campbell to a total term of life imprisonment consisting of: life for count 1, and 240 months as to count 2, said counts to run concurrently, and a total term of 5 years of supervised release consisting of: five years for count 1, and three years as to count 2, said counts to run concurrently.  ECF No. 857.  On September 15, 2016,

Campbell's sentence was reduced pursuant to an amendment to the United States Sentencing Guidelines ("Guidelines") issued by the United States Sentencing Commission effective November 1, 2014 ("Amendment 782"). ECF No. 1289. Based on Amendment 782, the court reduced Campbell's sentence for count 1 to a term of 360 months, with all other provisions of the original sentence remaining the same. Id.

On December 13, 2019, Campbell filed a motion for a reduction of his sentence pursuant to the First Step Act of 2018. ECF No. 1339. Because Campbell was charged with less than 280 grams of cocaine base for count 1, the statutory mandatory minimum sentence for this offense would have been five years — not ten years — had the Fair Sentencing Act of 2010 been in effect at the time of Campbell's sentencing. See § 841(b)(1)(B); Pub. L. No. 111-220, 124 Stat. 2372. Campbell's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. On March 27, 2020, the government responded to Campbell's motion, ECF No. 1347, to which Campbell replied to on July 15, 2020, ECF No. 1357. This motion is fully briefed and ripe for the court's review.

## II. STANDARD

In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). The First Step Act clearly allows the retroactive application of the modifications to penalties that Congress enacted in the Fair Sentencing Act. Id. § 404(a), 132 Stat. at 5222; see also S. Comm. on the Judiciary, 115th Cong., The First Step Act of 2018 (S.3649) – as introduced 2 (2018) (describing a bill with the same text as the version of Section 404 that was ultimately enacted as "allow[ing] prisoners sentenced before the Fair Sentencing Act of 2010 reduced the 100-to-1 disparity in sentencing between crack and powder cocaine to petition the court for an individualized review of their case" and as "bring[ing] sentences imposed prior to 2010 in line with sentences imposed after the Fair Sentencing Act was passed" (emphasis omitted)); 164 Cong. Rec. S7020-02, S7021 (daily ed. Nov. 15, 2018) (statement of Sen. Durbin) (describing the same bill as an opportunity "to give a chance to thousands of people who are still serving sentences for nonviolent offenses involving crack cocaine under the old 100-to-1 rul[e] to petition individually" for a sentencing reduction).

The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted). A "covered offense" is "a violation of a Federal

criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a), 132 Stat. at 5222 (citation omitted). Among other limitations, Congress left the decision as to whether to grant a sentence reduction to the district court's discretion. Id. § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

### III.   DISCUSSION

Both parties concede that Campbell is eligible for relief under the First Step Act. ECF No. 1339 at 1; ECF No. 1347 at 1. The court agrees with the parties' assessment of Campbell's eligibility for relief under the First Step Act; therefore, the court will focus on whether it will exercise its discretion to impose a reduced sentence in this instance. Whether to grant relief, and the extent of such relief, under the First Step Act is within the sound discretion of the district court. § 404(c), 132 Stat. at 5222. The Fourth Circuit issued an opinion that addresses the considerations that a district court should use when imposing a reduction in sentence under the First Step Act, United States v. Chambers, 956 F.3d 667 (4th Cir. 2020). In Chambers, the Fourth Circuit reiterated that the procedural framework that applies to First Step Act motions is 18 U.S.C. § 3582(c)(1)(B), and not § 3582(c)(2). 956 F.3d at 671. Because § 3582(c)(1)(B) instructs that courts must look to the underlying statute to determine what it expressly permits, the Chambers court clarified its interpretation of Section 404(b) of the First Step Act. Id. at 671–73. The Fourth Circuit held that because Section 404(b) expressly permits the court to "impose" a new sentence —as oppose to "modify" or "reduce" a sentence— a district court "does not simply adjust the statutory minimum" when it imposes a new sentence,

4

the court "must also recalculate the Guidelines range." Id. at 673. The Chambers court also explicitly held that the § 3553(a) sentencing factors apply in resentencing context of the First Step Act and that the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines range and, in doing so, to consider defendant's post-sentencing conduct. Id. at 674. Taken together, the court interprets Chambers as authorizing district courts to apply the § 3553(a) factors, including consideration of post-sentencing conduct, when recalculating the Guidelines range and when resentencing a defendant under the First Step Act. The court will now turn its attention to recalculating Campbell's Guidelines range, and then further reviews the § 3553(a) factors to determine if he is entitled to relief under the First Step Act.

### A. Recalculating Guidelines Range

At the time of his original sentencing, the Guidelines range for Campbell was based on a total offense level of 43 and a criminal history category of VI. ECF No. 1348-1 at 37. As a result, Campbell's original Guidelines range for imprisonment was life, pursuant to U.S.S.G Chapter 5, Part A. Id. The Sentence Reduction Report ("SRR") find Campbell's Guidelines range is now is 720 months, pursuant to U.S.S.G § 5G1.2(d). ECF No. 1355 at 2. Campbell argues that his Guidelines range should be recalculated to a lower range without the cross-reference to first degree murder or application of the career offender enhancement. ECF No. 1357 at 8–9. The government asserts that Campbell's argument is without merit because the new calculation of Campbell's Guidelines range did not apply the career offender enhancement. See ECF No. 1355 at 2 ("Career Offender applies but was not higher than guidelines under 2D1.1"). As such, a recalculation without applying the career offender enhancement would achieve the same

resulting Guidelines range as in the SRR. Additionally, Campbell contends that the cross-reference to first degree murder should not be applied to the Guidelines range because the evidence only demonstrated the first-degree murder "by the greater weight of the evidence," and "by a preponderance of the evidence." ECF No. 1357 at 7. The government only needs to prove the facts of an underlying a cross-reference by a preponderance of the evidence. United States v. Smith, 600 F. App'x 884, 885 (4th Cir. 2015). By Campbell's own statement, the government met the burden of proof necessary to apply the cross-reference to first degree murder in the calculation of the Guidelines. Therefore, the court adopts the SRR and finds that Campbell's Guidelines range is 720 months' imprisonment.

### B. § 3553(a) Factors

Next, the court exercises its discretionary authority to consider the § 3553(a) factors. The § 3553(a) factors instruct the court to "impose a sentence sufficient, but not greater than necessary" by considering, in part:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; . . . the kinds of sentences available . . . and the sentencing range establish[ed] for the . . . offense committed . . . as set forth in the [G]uidelines[.]

18 U.S.C. § 3553(a). Campbell's record shows he has taken some positive steps to better himself while incarcerated. Since his incarceration, Campbell has earned his GED, completed many vocational and interpersonal courses to ready himself for reentry to society after incarceration, and he has no disciplinary incidents since 2016. ECF No. 1357-2 at 1–4. Campbell has received good or better work reports for his current BOP

6

work assignment, and the BOP believes that he has gained skills to make himself "fully employable upon release." <u>Id.</u> at 1. Campbell has also expressed to the court his remorse for the behavior that led to his incarceration, and responsibility for his action. ECF No. 1357-4 at 1. The court commends Campbell on his efforts toward rehabilitation and acceptance of responsibility. Nonetheless, the court cannot overlook the fact that Campbell's criminal history is wrought with violence.

Although Campbell was not ever charged with the murders of Shawn Jones and Toby Bing, the government was able to sufficiently prove by "overwhelming evidence" Campbell was responsible for the murders in order for the cross-reference to apply. ECF No. 1348-1 at 20, 22. The nature of the murders shows that Campbell's actions were premediated, vicious, and wanton. <u>Id.</u> at 20. In addition to the murders, Campbell also has convictions for strong arm robbery, criminal sexual conduct with a minor in the first degree, and criminal domestic violence. <u>Id.</u> at 24–30. He also has additional arrests for assault and battery with the intent to kill, attempted strong armed robbery, and criminal domestic violence. <u>Id.</u> at 30–31.

Given the nature and seriousness of Campbell's convicted offenses relative to his sentence, his personal characteristics, to serve as adequate deterrence to criminal conduct, the kinds of sentences available and the sentencing range established for the offense committed as set forth in the Guidelines, and to protect the public from further crimes of the defendant, the court grants in part and denies in part Campbell's motion. The court denies Campbell's motion to the extent Campbell's motion requests relief under the First Step Act for a reduction in his term of imprisonment. Campbell's prison sentence remains unchanged. The court grants Campbell's motion to the extent Campbell's

motion requests relief under the First Step Act for a reduction in his supervised release. The court imposes a reduced term of four years' total for Campbell's supervised release consisting of: four years as to count 1, and three years as to count 2; said terms to run concurrently. All conditions of Campbell's supervised release imposed at the original sentencing still apply.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART AND DENIES IN PART** Campbell's motion for relief under the First Step Act.

**AND IT IS SO ORDERED.**

*[signature]*

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 1, 2020**
**Charleston, South Carolina**